UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

AMERICAN ZURICH INSURANCE COMPANY
as subrogee of JOSEPH D. DECRISTOFARO LIVING : CIVIL ACTION
TRUST
1400 American Lane
Schaumburg, IL 60196
: Case No.
                 Plaintiff,

   -against-

HAMPTON BAYS PLUMBING & HEATING, INC.
18 Shore Road
Hampton Bays, NY 11946

                Defendant.
_____

## COMPLAINT AND JURY DEMAND

Plaintiff, American Zurich Insurance Company as subrogee of Joseph D. DeCristofaro Living Trust, by and through its attorneys, White and Williams LLP, hereby demands judgment against Defendant, Hampton Bays Plumbing & Heating, Inc., and avers as follows:

### PARTIES

1. Plaintiff, American Zurich Insurance Company as subrogee of Joseph D. DeCristofaro Living Trust (hereinafter "Plaintiff" or "American"), is an Illinois property & casualty domestic stock company with a principal place of business located at 1400 American Lane, Schaumburg, IL 60196.  American is authorized to transact business and has transacted business in the State of New York.

2. At all times relevant hereto, American's subrogor, Joseph D. DeCristofaro Living Trust (hereinafter "DeCristofaro Trust" or "insured"), owned the real property located at 26

-2-

Rampasture Road, Hampton Bays, NY 11946 (hereinafter "26 Rampasture Road" or "Subject Property").

3. At all times relevant hereto, American provided insurance coverage to the DeCristofaro Trust for the property at 26 Rampasture Road, pursuant to Policy No. ER05820990.

4. Defendant, Hampton Bays Plumbing & Heating, Inc. (hereinafter "Hampton Bays"), is a New York corporation with a principal place of business located at 18 Shore Road, Hampton Bays, NY 11946.

**JURISDICTION**

5. Pursuant to 28 U.S.C. § 1332, jurisdiction is vested with the United States District Court for the Eastern District of New York because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**VENUE**

6. Pursuant to 28 U.S.C. § 1391, et seq., venue is proper in the United States District Court for the Eastern District of New York because the events which gave rise to this cause of action occurred in Suffolk County, which is embraced within this judicial district.

**STATEMENT OF FACTS**

7. On or about July 12, 2013, the DeCristofaro Trust contracted with Niemann Construction Inc. (hereinafter "Niemann") to demolish an existing structure and construct a new residence at 26 Rampasture Road.

8. On or about November 11, 2013, Niemann contracted with Defendant Hampton Bays to, among other things, supply and install a domestic hot water heater storage tank and a radiant storage tank, along with the piping required to connect the tanks to a geothermal heating unit, at the Subject Property.

17631058v.1

-3-

9.     Prior to February 25, 2015, an Enertech Global brand GeoComfort water source geothermal heat pump (hereinafter "Geothermal Pump") was installed by Defendant Hampton Bays at the Subject Property.

10.    On or about February 25, 2015, a plastic lock-nut for the outlet water on the Geothermal Pump failed, causing water to flow unabated through the Subject Property (hereinafter "Subject Incident").

11.    As a result of the Subject Incident, the DeCristofaro Trust sustained damages in an amount in excess of $750,000.00.

12.    Pursuant to its policy of insurance with the DeCristofaro Trust, American indemnified its insured for its damages stemming from the Subject Incident.

13.    Pursuant to the policy of insurance and the applicable law, American is now subrogated to the rights and claims of its insured, the DeCristofaro Trust, to the extent of the payments Plaintiff has made for the damages and/or losses suffered by its insured.

## COUNT I – NEGLIGENCE

14.    Plaintiff incorporates by reference the averments contained in the preceding paragraphs as if fully set forth at length herein.

15.    Hampton Bays owed a duty to the DeCristofaro Trust to exercise reasonable care while performing the installation of piping that was attached and/or connected to the Geothermal Pump.

16.    Hampton Bays, by and through its agents, employees, servants, representatives, contractors, subcontractors, subagents and/or workmen, acting in the course and scope of their employment, breached its duty of care to the DeCristofaro Trust through one or more of the following acts and/or omissions:

(a) overtightening the plastic lock-nut on the Geothermal Pump;

(b) failing to follow the instructions provided by the Geothermal Pump's manufacturer for installation of its geothermal heat pumps and/or pipes attached thereto;

(c) using a wrench and/or other mechanical tool to tighten the plastic lock-nut on the Geothermal Pump;

(d) using a pipe dope compound on the Geothermal Pump's lock-nut;

(e) failing to retain competent and/or qualified agents, employees, servants, representatives, contractors, subcontractors, subagents and/or workmen to perform work;

(f) failing to properly train its agents, employees, servants, representatives, contractors, subcontractors, subagents and/or workmen who were performing work at the Subject Property;

(g) failing to properly instruct its agents, employees, servants, representatives, contractors, subcontractors, subagents and/or workmen regarding the work at the Subject Property; and/or

(h) failing to otherwise use due and reasonable care under the circumstances.

17. As a direct and proximate result of the negligence of the Hampton Bays, the DeCristofaro Trust sustained substantial damage to its property and incurred other expenses, for which American made payments to/on behalf of the DeCristofaro Trust in an amount in excess of $750,000.00

**WHEREFORE**, Plaintiff hereby demands judgment against Hampton Bays Plumbing & Heating, Inc. in an amount in excess of $750,000.00, plus pre-judgment interest, attorneys' fees and costs, and any such other relief as this Court deems appropriate under the circumstances.

-5-

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all such triable issues herein.

Respectfully submitted,

Dated: December 5, 2016                By: s/Rafael Vergara
                                       Rafael Vergara, Esq.
                                       WHITE AND WILLIAMS LLP
                                       7 Times Square, Suite 2900
                                       New York, NY 10036
                                       Phone: 212-244-9500
                                       E-mail: vergarar@whiteandwilliams.com
                                       *Attorneys for Plaintiff*

17631058v.1